UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CAROL S. PARKS, AS TRUSTEE OF THE
FRANK SAWYER REVOCABLE TRUST
THROUGH NE 32ND STREET, LLC, AS
AUTHORIZED AGENT AND AUTHORIZED
REPRESENTATIVE,

    Plaintiff,

vs.

ALGAR TELECOM S/A,
ANGOLA CABLES S.A.,
ADMINISTRACION NACIONAL DE
TELECOMMUNICACIONES and
GU HOLDINGS INC.,

    Defendants.
_____/

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

Defendants, Algar Telecom S/A, Angola Cables S.A., Administracion Nacional De Telecomunicaciones, and GU Holdings Inc., (collectively "Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove the above-captioned action from the County Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, in which it is now pending, to the United States District Court, Southern District of Florida. The grounds for removal are as follows:

**I.     Background Facts.**

1.     Plaintiff, Carol S. Parks, as Trustee of the Frank Sawyer Revocable Trust Through NE 32nd Street, LLC, as purported Authorized Agent and Authorized Representative of Plaintiff ("Plaintiff" or the "Trust") seeks a judgment of possession of *sovereignty lands* in or around

Florida's Intracoastal Waterway ("ICW") that are lawfully encumbered by multiple, international telecommunication cable systems, including the cable system at issue here, the Monet Cable System. The land to which Plaintiff seeks possession is not private land and, even if it were private land, Defendants' alleged presence on the property was lawfully obtained, including through obtaining the consent of any and all prior owners, obtaining the proper permissions and permitting from the City of Boca Raton, State of Florida, and Army Corps of Engineers, and authorization from the Federal Communications Commission ("FCC"). The Property at issue is depicted as the triangular piece in the diagram attached as **Exhibit "A"** (the "Property").

2. The Monet Cable System connects the United States to Brazil, in part through a cable conduit that is part of a larger submerged cable conduit bank installed by Subcom, LLC ("Subcom"). See **Exhibit "B,"** Diagram of Monet Cable System taken from FCC Application.

3. SubCom's installation of the conduit bank was done pursuant to a Telecommunications Rights-of-Way Use Agreement and Easement granted by the City of Boca Raton after SubCom obtained permits such as those required by the Florida Department of Environmental Protection and the Army Corps of Engineers., and is further licensed through the FCC. See **Exhibit "C,"** 2/22/2019 Declaration of Christopher J. Carobene, at ¶¶ 3-4.

4. The Trust, through its alleged agent NE 32nd Street, LLC, has litigated against Subcom for years over the same property at issue here, but on or about February 7, 2019, filed a separate Complaint against Defendants in the County Court of the 15th Judicial Circuit, in and for Palm Beach County, Case No. 502019CC001854XXXXSB (the "State Court Action").

**II.   This Court Has Original Jurisdiction Over the Action and Removal is Appropriate.**

5. Plaintiff's Complaint contains a single cause of action for unlawful detainer/forcible entry in connection with certain fiber optic cables allegedly running across real

property to which Plaintiff claims an interest. The Complaint is attached as **Exhibit "D."** Copies of all other documents filed in the State Court Action, including verified service returns, are attached as **Composite Exhibit "E."**

6. Defendants expect that Plaintiff will argue perfection of service as to all Defendants occurred on February 13, 2019; however, Defendants dispute that service was properly effected.[1] Nonetheless, Defendant GU Holdings became aware of the State Court Action on February 19, 2019, and the other Defendants first became aware of the State Court Action the following day. Accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b).

7. Defendants remove this action in accordance with 28 U.S.C. § 1332(a), which gives this Court original jurisdiction over this action because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and fees.

8. Here, the amount in controversy, though not alleged in the Complaint, exceeds the sum or value of $75,000, exclusive of interest, cost, and fees, because Plaintiff seeks possession of the Property, and thus removal of the Monet Cable System from the Property. *See* Compl., ¶¶ 20-21. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1343-44 (11th Cir. 2018); *Beach Properties, Inc. v. Bellsouth Mobility, LLC*, 2006 WL 2982874, * 1-2 (N.D. Fla. Oct. 18, 2006) (addressing unlawful detainer action upon removal).

9. Plaintiff values the Property at more than $2 Million as evidenced by the alleged purchase agreement between the Trust and NE 32nd Street. *See* Compl., Exh. A. (with attachments). In addition to the $2 Million purchase price, the Trust requires NE 32nd Street to pay

---

[1] Defendants dispute that service of process was properly made and by filing this notice of removal do not waive their right to object to service of process. *See Teague v. R.J. Reynolds Tobacco Co.*, No. 2:16-CV-14027, 2016 WL 10636380, at *1 (S.D. Fla. Mar. 2, 2016).

it $20,000 a month solely to keep the purchase contract open; the purchase has not yet closed. *Id.*

10. Additionally, in NE 32nd Street's action against Subcom, which NE 32nd Street allegedly brought as the agent of the Trust, an appraisal valuing the Property at $12 Million or more, once developed, was produced. *See* **Exhibit "F"**, relevant excerpts from appraisal.

11. In addition, the Monet Cable System contains fiber optic submarine telecommunication cables that are valued far in excess of $75,000. Exh. C, ¶ 11.

12. If successful in its action, Plaintiff will obtain a judgment of possession requiring a portion of the Monet Cable System be removed from the subject property. *See* Compl. ¶ 43.

13. Removing or replacing the Monet Cable System would cost a significant sum, well in excess of $75,000. Exh. C, ¶¶ 10-11.

14. Additionally, this action is between diverse citizens. Specifically: (a) Plaintiff, the trustee of the Frank Sawyer Revocable Trust, is a Massachusetts resident[2] (b) Defendant Algar Telecom S/A is a Brazilian corporation (*see* Compl., at ¶ 3); (c) Defendant Angola Cables S.A. is an Angolan corporation (*id.* at ¶ 6); (d) Defendant Administracion Nacional De Telecomunicaciones is a Uruguayan corporation. (i*d.* at ¶ 9); (e) Defendant GU Holdings Inc. is a Delaware corporation (*id.* at ¶ 12). No Defendant maintains a principal place of business in Florida, or in Massachusetts where Plaintiff is domiciled.

15. In accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants join in and consent to the removal of this action.

---

[2] Carol Sawyer Parks is a Massachusetts resident and is the sole Trustee of the Trust (see **Exhibit "G,"** Objection to Subpoena in related case, at ¶ 12); thus, for purposes of diversity, citizenship of the Trust, as Plaintiff, rests in Massachusetts. *See Xaros v. U.S. Fid. & Guar. Co.,* 820 F. 2d 1176, 1181 (11th Cir. 1987).

16. As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this notice of removal to all adverse parties and will file a copy thereof with the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**WHEREFORE**, Defendants respectfully request that the entire State Court Action under Case No. 502019CC001854XXXXSB now pending in the County Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, be removed to the United States District Court, Southern District of Florida, for all further proceedings.

Dated:  February 22, 2019

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Counsel for Defendants*
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
T:  561.833.2000
F:  561.650.8399

*/s/ Richard C. Hutchison*
Richard C. Hutchison, Esq.
Florida Bar No. 709360
rick.hutchison@hklaw.com
Seth J. Welner, Esq.
Florida Bar No. 099214
seth.welner@hklaw.com

*Counsel for Defendants Algar Telecom S/A, Angola Cables S.A., Administracion Nacional De Telecomunicaciones, and GU Holdings Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 22, 2019,** the foregoing was filed with the Clerk of Court via the Florida Courts E-Filing Portal System and that a true and correct copy has been served via transmission of Notices of Electronic Filing generated by the ePortal System or by some other authorized manner to all parties on the following Service List:

*/s/ Richard C. Hutchison*
Richard C. Hutchison, Esq.
Florida Bar No. 709360

#63568740_v1

## SERVICE LIST

Ricardo A. Reyes, Esq.
Elana B. Goodman, Esq.
**TOBIN & REYES, P.A.**
Mizner Park Office Tower, Suite 510
225 N.E. Mizner Boulevard
Boca Raton, FL  33432
T:  561.620.0656
F:  561.620.0657
eservice@tobinreyes.com
rar@tobinreyes.com
egoodman@tobinreyes.com
*Counsel for Plaintiff*

#63568740_v1