# Exhibit "C"

# Exhibit "C"

## **DECLARATION OF CHRISTOPHER S. CAROBENE**

I, Christopher S. Carobene, declare the following:

1. My name is Christopher S. Carobene. I am over 18 years of age and am competent to attest to the contents of this declaration. I provide the following information based on my own personal knowledge except where so stated.  If called to testify as a witness, I would testify consistently with this declaration.

2. I am the Vice President, Marine & Network Services for SubCom, LLC (formerly known as Tyco Electronics Subsea Communications LLC, "SubCom"), and I oversee the network construction and maintenance activities for the global installation and maintenance of undersea fiber optic cable systems.

3. SubCom is a supplier of undersea communications technology such as undersea telecommunication cable systems.  SubCom owns and/or operates a conduit bank in Boca Raton, Florida that runs under the Intracoastal Waterway entering the City of Boca Raton (the "City") via the area of Spanish River Park, and into and under the area of NE 32nd Street.

4. SubCom installed the conduit bank pursuant to a Telecommunications Rights-of-Way Use Agreement and Easement granted by the City of Boca Raton and obtained the necessary permits such as those required by the Florida Department of Environmental Protection and the Army Corps of Engineers. The Cable Systems within the conduit bank are licensed through the Federal Communications Commission ("FCC").

5. The conduits contain cable systems that provide telecommunications and internet services between Europe, the Caribbean, Bahamas, Central America and South America and the United States, and ultimately provides services to millions of people, hospitals, banks, and other essential service providers.

6. One of the conduits in the conduit bank contains the Monet Cable System referred to in paragraph 20 and 21 of the Complaint filed in *Carol S. Parks, Trustee of the Frank Sawyer Revocable Trust Through NE 32nd Street, LLC, as Authorized Agent and Authorized Representative v. Algar Telecom S/A, et al.*, West Palm Beach, Florida County Court Case No. 2019CC001854XXXXSB.

7. The Monet Cable System, which runs from a landing station in Boca Raton, Florida, to Brazil, provides certain telecommunications services, to residents and businesses, in Brazil.

8. I have reviewed the Complaint filed in the above-referenced lawsuit, and see that Plaintiff seeks possession of certain land to which the Plaintiff claims an interest and over which Plaintiff has been litigating against SubCom and other parties for years. Consistent with the related ongoing SubCom litigation, Plaintiff appears to be seeking to have a portion of the Monet Cable System and the conduit in which it is held removed from the disputed property in the above-referenced lawsuit.  Plaintiff's requested relief would require a cutting, or removal, of the Monet Cable System from the conduit bank.

9. Additionally, the Monet Cable System is bundled with several other cable systems within the conduit bank. It would take a level of surgical precision that is unlikely to be met to remove or cut the Monet Cable System without causing damage to the other cable systems, or to the conduits themselves.

10. Replacing or repairing cut cable in the Monet Cable System could take weeks, while damage done to a conduit could take longer to resolve due to the time to obtain the required permits and replace the cable systems and conduits.

11. Finally, the Monet Cable System is valued far in excess of $75,000, and the cost to replace or repair cut cables in the Monet Cable System will far exceed $75,000.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Executed on February  22 , 2019

*/s/ Chris Carobene*

Christopher S. Carobene