UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-80262-BB

CAROL S. PARKS, AS TRUSTEE OF THE
FRANK SAWYER REVOCABLE TRUST
THROUGH NE 32ND STREET, LLC, AS
AUTHORIZED AGENT AND AUTHORIZED
REPRESENTATIVE,

  Plaintiff,
vs.

ALGAR TELECOM S/A,
ANGOLA CABLES S.A.,
ADMINISTRACION NACIONAL DE
TELECOMMUNICACIONES, and
GU HOLDINGS INC.,

  Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS AND/OR QUASH
FOR INSUFFICIENT SERVICE OF PROCESS AND TO DISMISS FOR
FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW**

  Defendants, Algar Telecom S/A ("Algar"), Angola Cables S.A. ("Angola Cables"), Administracion Nacional De Telecomunicaciones ("Antel"), and GU Holdings Inc. ("GU Holdings") (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby move to dismiss and/or quash the Complaint for improper service and for failure to state a claim. In support, Defendants state:

**I. Introduction.**

  Plaintiff Carol S. Parks, as Trustee of the Frank Sawyer Revocable Trust, through NE 32nd Street, LLC, as alleged authorized agent and representative ("Plaintiff") filed this action seeking to resolve property rights that have been the subject of heavily contested litigation for years. In doing so, Plaintiff has abused process, invoking summary procedure under an inapplicable legal claim in a failed effort to gin up a quick default judgment and increase

pressure on the defendants in the prior-pending litigation. As part of this strategy, Plaintiff deliberately chose an insufficient method for service of process, and failed to meet the requirements of Florida law and due process. Plaintiff's conduct should not be tolerated by this Court.

Indeed, three of the Defendants are foreign corporations located outside the United States, and another is a Delaware corporation with a principal place of business in California. None were personally served with process in accordance with Chapter 48 of the Florida Statutes. Instead, Plaintiff merely had a process server post the initiating documents somewhere on vacant land adjacent to Florida's Intracoastal Waterway—where Plaintiff knew no one would ever see them. This was insufficient to effect process as a matter of law.[1] *See* § 48.194, Fla. Stat. Each of the three defendant corporations located outside the United States should have been served (a) pursuant to the Hague Convention if its home country is a signatory to the Hague, § 48.194, Fla. Stat.; or (b) personally pursuant to §§ 48.194(1) and 48.081 (dictating how a foreign corporation must be served). The Delaware corporation, GU Holdings, should have been served personally pursuant to § 48.081, Florida Statutes.

Additionally, Plaintiff fails to state a claim for unlawful detainer, the sole claim asserted in the Complaint. To state a claim for unlawful detainer Plaintiff must allege (1) that it was in possession of real property; and (2) that Defendants forcibly removed Plaintiff from the property. These required elements of the claim are alleged nowhere in the Complaint. Plaintiff alleges neither that it was in possession nor that it was removed from possession. Plaintiff alleges only that Defendants placed cables on the subject property without Plaintiff's consent. That does not

---

[1] As alleged in the Complaint, Angola Cables is an Angolan corporation, Antel is a Uruguayan corporation, Algar is a Brazilian corporation, and GU Holdings is a Delaware corporation. *See* Compl. ¶¶ 3, 6, 9, 12. GU Holdings' principal place of business is in California.

#65707695_v1

give rise to an action for unlawful detainer. *See CSC Serviceworks, Inc. v. Boca Bayou Condo. Ass'n*, 240 So. 3d 12, 14 (Fla. 4th DCA 2018) ("Unlawful detainer actions are, and have always been, about actual physical dispossession of real property, not constructive or useful dispossession.").

**II.      Background and Related Litigation.**

The property at issue in this action is underneath or adjacent to Florida's Intracoastal Waterway ("ICW"), and includes protected mangroves. *See* **Exhibit "A,"** Aerial View of the subject property (red triangle); *see also* Compl. ¶ 18 (providing the parcel number); *PAPA Maps*, Palm Beach County Appraiser, https://maps.co.palm-beach.fl.us/cwgis/papa.html?qvalue=06434716000020010 (last visited Mar. 3, 2019).[2]  Plaintiff, through its alleged agent NE 32nd Street, LLC, has litigated over this same property since 2016 when NE 32nd Street sued SubCom, LLC ("SubCom") and others (but not the Defendants herein) for ejectment, among other claims, alleging that certain international telecommunication cables and cable conduits improperly cross the very same property at issue here. *See NE 32nd Street, LLC v. Tyco Electronics Subsea Communications, LLC*, No. 50-2016-CA-006913 (Fla. 15th Cir. Ct.).  The Judge in that case recently denied cross motions for summary judgment after a mistrial last year, and the parties anticipate a new trial this year.[3]

---

[2] The Court may take judicial notice of the location of the property. *See Gov't. of Canal Zone v. Burjan*, 596 F.2d 690, 693 (5th Cir. 1979).

[3] NE 32nd Street, LLC is owned and managed by William B. Swaim ("Swaim"), who also owns and manages an entity called Waterfront ICW Properties, LLC ("Waterfront").  Waterfront filed a substantially related case against SubCom, also in 2016, involving the same cable conduits at issue here and in the *NE 32nd Street* case.  *See Waterfront ICW Props., LLC, etc. v. State of Florida*, No. 50-2016-CA-003800 (Fla. 15th Cir. Ct.).  The property at issue in the *Waterfront* case is entirely submerged within the Intracoastal Waterway and is due east of the red triangle in Exhibit A.  The *Waterfront* and *NE 32nd Street* cases are consolidated.

Roughly a week before commencing this action, Swaim, through Plaintiff and another entity, separately filed unlawful detainer actions in county court against another telecommunications service provider, Caribbean Crossings Ltd., Inc. invoked the same summary procedure, and obtained default judgments without properly serving that Bahamian corporation with process. Caribbean Crossings, which is also a Defendant in the SubCom litigation, is seeking to set aside those improperly obtained default judgments.[4]

Like Caribbean Crossings and SubCom's co-defendants in the *NE 32nd Street* case, the Defendants here are alleged to operate a subsea, international fiber-optic cable system (the "Monet Cable System"). *See* Compl. ¶ 26. The Monet Cable System connects the United States to Brazil, in part through a cable conduit that is one component of a larger submerged cable conduit bank owned by SubCom. *See* Compl. ¶¶ 20-21; *see also* **Exhibit "B,"** Diagram of Monet Cable System taken from FCC Application (as referenced at Compl. ¶ 24).

The Complaint contains a single cause of action under Chapter 82, Florida Statutes, for unlawful detainer/forcible entry in connection with the Monet Cable System. Plaintiff asserts proper service of process through the procedures set forth in Chapter 82, Florida Statutes. *See* Plaintiff's Motion for Default ¶ 2.[5] As set forth below, the action should be dismissed because service was improper and Plaintiff's allegations fail to state a claim for unlawful detainer.

---

[4] Those cases were recently removed to the Southern District of Florida. *See* dockets in *Parks v. Caribbean Crossings, Ltd., Inc.*, Case No. 9:19-cv-80284-KAM (S.D. Fla.); *South Spanish Trail, LLC v. Caribbean Crossings, Ltd., Inc.*, Case No. 9:19-cv-80285 (S.D. Fla.).

[5] Plaintiff's Motion for Default will be separately addressed, but worthy of note here is that the motion was not filed until after all Defendants made an appearance and moved for an enlargement of time to respond to the Complaint, as permitted by Florida law prior to removal. *See* Fla. R. Civ. P. 1.090 and § 51.01, Fla. Stat. (2018). To the extent necessary, Defendants deny liability.

**III.    The Court Should Dismiss Plaintiff's Complaint and/or Quash Service of Process Because Plaintiff Failed to Serve Defendants in Accordance with Florida Law.**

   **A.     *Plaintiff failed to make two service attempts <u>as required by law</u>.***

Section 82.05, Florida Statutes, requires a plaintiff to make "at least two attempts to obtain service *as provided by law*" before resorting to the alternative service method of posting and mailing a summons and complaint (emphasis added). But Plaintiff did not attempt to serve Defendants in a method "provided by law"—*e.g.*, as specified in Chapter 48, Florida Statutes. Instead, Plaintiff admits that its process server tried to serve Defendant corporations at the unoccupied property at issue. *See* **Composite Exhibit "C,"** Verified Returns of Service (attempting personal service on Defendants at the property only). Plaintiff's attempt at service of process was thus insufficient. This requires dismissal of the case or an order quashing service of process. *See Int'l Steel Truss Co. v. Artec Grp., Inc.*, 824 So. 2d 340, 342 (Fla. 2d DCA 2002) ("[S]tatutes governing service of process must be strictly construed, and valid service on a corporation may only be effected by complying with them."); *see also Hollander v. Wolf*, 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (service of process properly quashed where defendant raised insufficient service of process and plaintiff failed to meet "burden to demonstrate sufficient service of process by making a prima facie case of proper service.").

GU Holdings is a Delaware corporation with its principal place of business in California. Section 48.081, Florida Statutes, required personal service on this entity. There was no such service. The other three Defendants are corporations located outside the United States. Therefore, Plaintiff was required to serve them personally pursuant to Section 48.194(1), which requires conformance with the Hague Convention and/or Section 48.081 (service on corporations). Again, Plaintiff's returns of service show that Plaintiff did not follow the required

procedure.  *See* Ex. C; *see also* § 48.194(1), Fla. Stat. (2018) (requiring out-of-state service of process and/or compliance with the Hague Convention).

As case after case has held, the failure to properly effectuate service of process is fatal. *See Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1356 (S.D. Fla. 2005) ("Under Florida law, to serve a foreign corporation that is alleged to be doing business within the state of Florida, a plaintiff must serve the summons and complaint on the Florida Secretary of State ***and on the foreign corporation at its overseas offices***.") (emphasis added); *Portalp Int'l SAS v. Zuloaga*, 198 So. 3d 669, 671 (Fla. 2d DCA 2015) ("In Florida, the Hague Convention applies in all cases 'where there is occasion to transmit a judicial or extrajudicial document for service abroad.'"); *Lobo v. Celebrity Cruises, Inc.*, 667 F. Supp. 2d 1324, 1339 (S.D. Fla. 2009), *aff'd*, 704 F. 3d 882 (11th Cir. 2013) (holding that service of process on a foreign defendant that failed to follow the precise requirements of the Hague Convention was improper and was grounds to dismiss complaint); *Int'l Designs Corp., LLC v. Qingdao SeaForest Hair Prod. Co.*, No. 17-60431-CIV, 2018 WL 2364297, at *3, *5 (S.D. Fla. Jan. 4, 2018) (dismissing complaint for failure to serve in accord with the Hague Convention and holding that service on a foreign defendant via the Hague Convention is the standard); *Underwood v. Univ. of Kentucky*, 390 So. 2d 433, 434 (Fla. 3d DCA 1980) (requiring personal service for out-of-state defendant pursuant to Section 48.194, Florida Statutes); *Firestone Steel Prod. Co. of Canada v. Snell,* 423 So. 2d 979, 980 (Fla. 3d DCA 1982) (same).

Plaintiff did not follow any of the above, required standards to effectuate service. Defendant GU Holdings was the first of the Defendants to receive any form of notice of this lawsuit.  GU Holdings' outside counsel, who was out of town, had an opportunity to review correspondence received on February 19, 2019, from Plaintiff's counsel.  That correspondence advised GU Holdings that, as a "courtesy," counsel was providing notice of the lawsuit but that

service was previously perfected pursuant to § 82.05 and/or § 48.183, Florida Statutes.[6] The other Defendants learned of the lawsuit the following day.

Having failed to effectuate proper service, and having made no effort whatsoever to locate Defendants in connection with service of process,[7] Plaintiff's Complaint is properly dismissed and/or service of process is properly quashed. *See, e.g.*, *Gans v. Heathgate-Sunflower Homeowners Ass'n, Inc.,* 593 So. 2d 549, 551 (Fla. 4th DCA 1992) (requiring in substitute service context that plaintiff make an "honest and conscientious effort, reasonably appropriate to the circumstances" to locate defendants for service).

> **B.    *Plaintiff's method of service was independently deficient because only the Sheriff can post summons on the property under Chapter 82.***

Apart from Plaintiff's failure to make two attempts at **personal** service as required by law (Chapter 48), Plaintiff also used a process server to post the Summons and Complaint at the property when the plain text of Section 82.05, Florida Statutes, specifically limits such service to the "Sheriff":  "[T]he Sheriff must serve the summons and complaint by attaching them … ."

---

[6] This letter was sent to outside counsel for GU Holdings, whose information Plaintiff was privy to in light of prior communications from GU Holdings in relation to a previous summary judgment ruling in the consolidated *NE 32nd Street* and *Waterfront* cases.  That summary judgment ruling was ultimately reversed on reconsideration.  Of course, while that letter was insufficient to effect proper service, the letter to counsel was not a mere "courtesy" as Florida law requires notification to known counsel to avoid unwarranted defaults.  *See Nat'l Union Fire Insurance v. McWilliams*, 799 So. 2d 378, 380 (Fla. 4th DCA 2001); *U.S. Bank N.A. v. Lloyd*, 981 So. 2d 633, 640 (Fla. 2d DCA 2008).  It was not sent until after undersigned counsel raised this failure in a motion to vacate the default judgments in the Caribbean Crossings cases, where Plaintiff/Swaim invoked the same failed service "attempts."  Furthermore, counsel's citation to § 48.183, Florida Statutes was misplaced.  That statute deals exclusively with landlord/tenant law, and Plaintiff's Complaint specifically renounces any landlord/tenant relationship here.

[7] The "courtesy" letter to counsel does not substitute for proper service.  *See, e.g., Abbate v. Provident Nat'l Bank*, 631 So. 2d 312, 315 (Fla. 5th DCA 1994) ("[T]he plaintiff asserts a harmless error argument, that service of process is designed to assure that a defendant is given notice of the institution of civil proceedings against him and that this was done here.  This argument, however, runs counter to the overwhelming law in Florida that strict compliance with the statutes governing service of process is required.").

Section 82.05 ostensibly requires service by a Sheriff given the potential dangers in serving a complaint under a true unlawful detainer scenario. The service by Sheriff requirement is unique to Section 82.05 in order to keep the peace (because the action assumes someone was forcibly removed from the property and wants to retake possession); other real property statutes such as eviction proceedings in the landlord/tenant context, permit service by process server. *Compare* § 82.05, Fla. Stat. (stating that if service is made through posting it "must" be done by the "Sheriff"), *with* § 48.183, Fla. Stat. (dealing with landlord/tenant eviction proceedings and stating only that "summons may be served by attaching a copy …," no reference to a Sheriff). Here, Plaintiff did not use the Sheriff to post process on the property. *See* Ex. C. Construing the statute to ignore the Sheriff requirement would ignore the statute's plain text and the clear intent of the Florida Legislature. For this additional reason, service was improper.

      **C.**    ***Plaintiff's method of service was not "reasonably calculated" to notify any defendant.***

Not only was Plaintiff's service-by-posting improper under the statute, it also failed to meet constitutional due process requirements under the Fifth and Fourteenth Amendments of the United States Constitution and Section 9 of Article I of the Florida Constitution. That is because the posting of a Complaint where Plaintiff knew no one would ever see it coupled with Clerk of Court U.S. mailings to out-of-state and out-of-country Defendants in an action brought under summary procedures is not "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see In re Adoption of Minor Child*, 593 So. 2d 185, 189 (Fla. 1991) ("Notice to legally interested parties so that they can assert their claims is the essence of the procedural due process protections provided by the Florida Constitution"); *id.* (citing *Mullane*). "[U]nder all the circumstances" is a

critical issue. For instance, in *Jones v. Flowers*, the United States Supreme Court held that notice was constitutionally insufficient where the State learned that its service by mail was returned unopened. 547 U.S. 220, 230 (2006).

Here, under all the circumstances, Plaintiff's method of service was designed **not** to notify Defendants. Plaintiff knew that no Defendant regularly appeared at the property at issue—the property is vacant, the cables run underground and underwater, and the Defendants are located out of the state or out of the country. Especially here, where Defendants could have been served through standard means, the notice was not reasonably calculated to apprise Defendants of the action. *Miller v. Partin*, 31 So. 3d 224, 227 (Fla. 5th DCA 2010) (finding insufficient service of process and holding that a "fundamental requirement of due process in any judicial proceeding is notice reasonably calculated both to apprise interested parties of the pendency of the action, and to give the party so notified an opportunity to present his or her side of the controversy").

### IV. Plaintiff's Complaint Fails to State a Claim for Which Relief Can Be Granted Under Chapter 82, Florida Statutes.

The Complaint independently is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff's unlawful detainer action was brought in an effort to invoke county court summary procedures under Florida law and deprive Defendants of due process, but this is not a proper detainer action. Unlawful detainer involves a forcible ousting of possession by the defendant, but here Plaintiff seeks to determine title and property rights—a claim unique to ejectment.

The elements of a detainer action are that (a) plaintiff was in peaceful possession of the premises; and (b) defendant forcibly ousted and took possession away from the plaintiff. *See CSC Serviceworks, Inc. v. Boca Bayou Condo. Ass'n*, 240 So. 3d 12, 14 (Fla. 4th DCA 2018). In

short, the claim requires that the defendant forcibly remove the plaintiff from the property. Here there are no allegations that Plaintiff was ever in possession of the property or that any Defendant removed Plaintiff from its prior possession. *Goffin v. McCall*, 108 So. 556, 558 (Fla. 1926) ("It is sufficient to say that in this case there existed upon the premises no visible evidence of the plaintiff's possession when the defendant entered. ***It cannot be said therefore that plaintiff was evicted, and, although the plaintiff may have the legal title, a fact not to be inquired into in this proceeding, he cannot substitute this proceeding for that of ejectment or the action of trespass***. It was never the purpose of the English or American statutes that it should be so.") (emphasis added). Instead, the allegations are only that Defendants entered the property and installed a cable system without title or consent. Compl. ¶¶ 21, 36. Those allegations might support claims for ejectment or trespass, or to quiet title, but as a matter of law they do not give rise to an unlawful detainer cause of action. *See id.*; *see also Serviceworks*, 240 So. 3d at 14.

Moreover, even if Plaintiff had possession of the property—which it does not allege—the laying down of underground cables does not oust Plaintiff from possession. *See Goffin*, 108 So. at 558. More specifically, Plaintiff has not alleged that it was physically and forcibly removed from the land. Such allegations are essential to a detainer action under Florida law. *Id.*; *see also CSC Serviceworks, Inc.*, 240 So. 3d at 14.

At the end of the day, Plaintiff ***has not pleaded that it was in possession and that Defendants removed Plaintiff from possession***. Both failures are independently fatal to the claim. *See id.; see also Florida Athletic & Health Club v. Royce*, 33 So. 2d 222, 225 (Fla. 1948) ("The 'right of possession' referred to in this Section of the statute has reference to the present right of possession, and not the ultimate right."). Here, Plaintiff is merely trying title, something that is unique to ejectment actions and generally not to be considered in unlawful detainer

actions.

In fact, the still-pending *NE 32nd Street and Waterfront* lawsuits referenced above, which involve some of the same property and the same cable conduits at issue in this suit, brought claims for ejectment, quiet title, and trespass, among others, **but not for unlawful detainer**. *See generally* **Exhibit "D,"** *NE 32nd Street* Amended Complaint (without voluminous exhibits).[8] Because Plaintiff has failed to allege possession of the land and that Defendants forcibly removed it from the land, the detainer claim must be dismissed as a matter of law.

**WHEREFORE**, Defendants respectfully request that the Court quash service of process and/or dismiss the Complaint for insufficient service and failure to state a claim for which relief can be granted.

Dated:  March 5, 2019

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Counsel for Defendants*
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
T:  561.833.2000
F:  561.650.8399

*/s/ Richard C. Hutchison*
Richard C. Hutchison, Esq.
Florida Bar No. 709360
rick.hutchison@hklaw.com
Seth J. Welner, Esq.
Florida Bar No. 099214
seth.welner@hklaw.com

*Counsel for Defendants Algar Telecom S/A, Angola Cables S.A., Administracion Nacional De Telecomunicaciones, and GU Holdings Inc.*

---

[8] Given the Complaint's several references to the *NE 32nd Street* case through its many attachments, the attached Amended Complaint from *NE 32nd Street* is deemed incorporated into Plaintiff's Complaint by reference. *See, e.g. llants Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005). The Court may also judicially notice the Amended Complaint. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

#65707695_v1