UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80262-BLOOM/Reinhart

CAROL S. PARKS, AS TRUSTEE OF THE
FRANK SAWYER REVOCABLE TRUST
THROUGH NE 32ND STREET, LLC, AS
AUTHORIZED AGENT AND AUTHORIZED
REPRESENTATIVE,

    Plaintiff,

v.

ALGAR TELECOM S/A, et. al.,

    Defendants.
_____/

**ORDER ON MOTION TO REMAND**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Remand, ECF No. [25] (the "Motion"), seeking to remand the proceedings back to state court in Palm Beach County, Florida. The Court has carefully reviewed the Motion, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

    **I.   BACKGROUND**

Plaintiff originally filed this action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* ECF No. [1-4]. Plaintiff brings an action for unlawful detainer against Defendants Algar Telecom S/A, Angola Cables S.A., Administracion Nacional De Telecommunicaciones, and GU Holdings Inc. ("Defendants") pursuant to Chapter 82, Florida Statutes. Plaintiff alleges that Defendants installed three subducts/conduits with a fiber-optic cable

and two high voltage power cables (collectively "Conduits and Cables")[1] on Plaintiff's property[2] without Plaintiff's knowledge or consent. *Id.* ¶ 21. Defendants currently operate the Conduits and Cables on Plaintiff's Property. *Id.* ¶ 26. Plaintiff requests that the Court find Defendants have unlawfully detained and forcibly entered into possession of the Property and issue a writ of possession in favor of Plaintiff and against Defendants. *Id.* at "Wherefore" clause.

On February 22, 2019, Defendants removed the action to this Court invoking diversity jurisdiction as the basis for removal. *See* ECF No. [1]. Plaintiff's Motion does not contest diversity of citizenship. Instead, Plaintiff challenges Defendants' ability to satisfy the amount-in-controversy requirement. *See* ECF No. [25]. The Motion is now ripe for review.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 1446. "Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (citing 28 U.S.C. §§ 1331, 1332). Pursuant to 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action between citizens of different states when the amount in controversy exceeds $75,000.00. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

A removing defendant bears the burden of proving the existence of federal jurisdiction. *Lowery v. Ala. Power Supply Co.*, 483 F.3d 1185, 1208 (11th Cir. 2007); *Dudley v. Eli Lilly &*

---

[1] The Conduits and Cables are part of an international, fiber-optic cable system called the Monet Cable System.

[2] A description of Plaintiff's property (hereafter, the "Property") is set forth in Paragraph 19 of Plaintiff's Complaint.

*Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Where a plaintiff does not specify the damages sought in its complaint, a defendant's burden upon removal includes proving by a preponderance of the evidence that the plaintiff's claims meet the amount in controversy requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also Loawery*, 483 F.3d at 1208. While "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," *Pretka*, 608 F.3d at 754, a court may not "assert[] jurisdiction on the basis of the defendant's speculative assertions," nor may it "speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214–15, n.67; *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (noting "removal cannot be based simply upon conclusory allegations where the *ad damnum* is silent" (citation and internal quotation marks omitted)).

"The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755. For example, "[d]efendants may introduce their own affidavits, declarations, or other documentation–provided of course that removal is procedurally proper." *Id.* Whatever the evidence, it must be relevant to the amount in controversy at the time of the case's removal, and should not involve simple speculation about future benefits or future harm. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1318, 1319 (11th Cir. 2001); *see also Sinclair v. State Farm Mutual Automobile Ins. Co.*, 2011 WL 2746823, at *2 (M.D. Fla. June 14, 2011) (citing *Traveler's Insurance Co. v. Greenfield*, 154 F.2d 950, 952 (5th Cir. 1946)).

**III.   DISCUSSION**

The jurisdictional dispute in this case centers on the amount-in-controversy requirement for removal. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is

3

the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir. 2000)). "Stated differently, the value of equitable relief is the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted." *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1361 (S.D. Fla. 2015) (alternation in original) (internal quotations omitted).

Here, because Plaintiff is not seeking monetary damages, Defendants must prove by a preponderance of the evidence that the value of the right Plaintiff seeks to enforce exceeds the jurisdictional amount. Plaintiff contends that Defendants have failed to meet that burden. Defendants respond that the Court should find that the amount in controversy exceeds the jurisdictional amount based upon (1) Plaintiff's settlement negotiations in a separate litigation; and (2) several proposed valuations relating to the Property in a separate litigation.

First, Defendants argue that the Court should infer that the value of relief to Plaintiff exceeds $75,000.00 because of Plaintiff's settlement negotiations in the case of *NE 32nd Street, LLC v. Tyco Elecs. Subsea Commc'ns, LLC*, No. 50-2016-CA-006913 (Fla. 15th Cir. Ct.) (the "Subcom Litigation"). In the Subcom Litigation, Plaintiff brought claims against different defendants than those in the instant case relating to the Property at issue in addition to two other parcels where conduits and cables lie. Specifically, Defendants point to Plaintiff's demand of $4.5 million, rejection of a $2.75 million offer, and second demand for $4.5 million to settle the Subcom Litigation. Defendants rely on several cases standing for the proposition that courts can consider settlement offers and demands in determining whether the amount in controversy is satisfied. ECF No. [36] at 8-9 (citing cases). In those cases, however, the courts determined the amount in controversy based on a plaintiff's demand to settle that case at issue. Here, Defendants seek to

have the Court find that the amount in controversy exceeds $75,000.00 based on Plaintiff's settlement negotiations in a *separate* case.  Even so, Defendants insist that the amount in controversy is satisfied in this case because the demands in the Subcom Litigation are "so much higher than $75,000.00." *Id.* at 9.  Plaintiff counters that it is inappropriate and unreasonable to rely on negotiations in the Subcom Litigation because that case involves different defendants and different property and Plaintiff seeks monetary damages in the Subcom Litigation.

The Court agrees with Plaintiff.  The Court cannot determine, without impermissibly speculating, that the amount in controversy here exceeds $75,000.00 based on Plaintiff's negotiations in the Subcom Litigation.  As Defendants recognize, the Subcom Litigation involves two parcels of property in addition to the Property at issue here.  The Subcom Litigation also involves claims that are different than the instant case.  Moreover, the value of Plaintiff's claims in the Subcom Litigation cannot be deemed equivalent to the value of Plaintiff's claims in this case as there is no sound method for the Court to estimate the value of this case (or otherwise conclude that the value exceeds a certain sum, such as $75,000.00) based on the negotiations in the Subcom Litigation.  To illustrate the point, in the Subcom Litigation Plaintiff brought a claim for unjust enrichment, seeking as damages the profits derived from defendants' trespass.  *See* ECF No. [36-5] ¶¶ 51-58 ("Subcom Litigation Amended Complaint").  Defendants have failed to explain — and this Court finds no reason to believe — that there is any relationship between the profits the Subcom Litigation defendants derived from their trespass and the value to Plaintiff here that Defendants have unlawfully detained and forcibly entered into possession of the Property. Accordingly, it does not stand to reason that the amount of a settlement demand in the Subcom Litigation, which the Court must presume takes into account Plaintiff's perceived value of all of the claims Plaintiff asserted in the Subcom Litigation Amended Complaint, including the unjust

enrichment claim, can serve as a basis for finding that the amount in controversy here exceeds $75,000.00.[3]

Second, Defendants propose several purported "valuations relevant to determining the amount in controversy." ECF No. [36] at 10. Defendants contend that the value of the right to re-lease the portion of the Property to another international fiber-optic cable operator greatly exceeds $75,000.00. In support, Defendants claim that Plaintiff has asserted in the Subcom Litigation that its damages are equivalent to the rental value to install a fiber-optic cable network. *Id.* Defendants claim that the damages analysis in this case is not "meaningfully different" than from the Subcom Litigation. *Id.*

However, the Court does not agree that Plaintiff has asserted in the Subcom Litigation that its damages are equivalent to the rental value to install a fiber-optic cable network. Defendants cite to an allegation in the Subcom Litigation Amended Complaint, which states that "Plaintiff is entitled to all damages directly or proximately caused by the trespass including but not limited to the reasonable value of the Property for a geographically unique, commercial fiber optic cable network landing site …. Plaintiff is deprived of its use of the Property for its intended purpose." *Id.* (citing Ex. D ¶ 68[4]). Of the six-count Subcom Litigation Amended Complaint, this quoted language is actually lifted in part from an allegation in Count I (trespass) and in part from an allegation in Count IV (slander of title). The Court considers Plaintiff's allegations in the Subcom Litigation. Paragraph 46 in Count I states in full that

> Plaintiff is entitled to all damages directly or proximately caused by the trespass including but not limited to the reasonable value of the Property for a

---

[3] Defendants attempt to tie the value of this case to the Subcom Litigation by asserting that the Property at issue here is the only property at issue in the Subcom Litigation that allegedly has conduits and cables on it and has been appraised by Plaintiff for residential development. However, based on that representation, the Court cannot determine what proportion of Plaintiff's claimed damages in the Subcom Litigation consists of the value to Plaintiff of having Defendants' Conduits and Cables removed from the Property at issue here.

[4] It appears that Defendants intended to cite to Ex. E not Ex. D of the Response.

> geographically unique, commercial fiber optic cable network landing site or, at Plaintiff's election, all income, revenues and profits arising from the trespass

ECF No. [36-5] ¶ 46. In Count IV, Paragraph 68 states in full that

> Plaintiff title is uninsurable and unmarketable without exception for the Request to Transfer Permit and Plaintiff is being deprived of its use of the Property for its intended purpose

*Id.* ¶ 68.

The language Defendants omitted from Paragraph 46 in Count I of the Subcom Litigation Amended Complaint demonstrates that in addition to seeking as damages the value of using the property for a fiber-optic cable network, Plaintiff also seeks *all income, revenues and profits arising from the trespass*. In Count IV, Plaintiff alleges that it has been damaged by "a) the clouds on its title caused by the presence of the Request to Transfer Permit in the public record; b) competing claims of the right to use the Property caused by the Request to Transfer Permit; … d) delays in permitting and developing the Property; and e) attorney's fees associated with the need to clear title on the Property." *Id.* ¶ 67.[5] Additionally, Count III (unjust enrichment) of the Subcom Litigation Amended Complaint also seeks damages that are not equivalent to the rental value to install a fiber-optic cable network, as does Count II (ejectment). Count VI (injunction) seeks an injunction ordering Defendants to cease and desist from the use of Plaintiff's property, which includes two parcels not at issue in this litigation. Thus, the Court cannot accept Defendants' contention that Plaintiff has asserted in the Subcom Litigation that its damages are equivalent to the rental value to install a fiber-optic cable network. For that reason, even if the Court were to conclude that the amount in controversy in this case is equivalent to the rental value to install a

---

[5] Count V (quiet title) requests that the Court enter judgment quieting title to the property in favor of Plaintiff and against a Subcom Litigation defendant.

fiber-optic cable network on the Property, the Court cannot determine that said rental value exceeds $75,000.00.

Defendants also contend that the amount in controversy exceeds $75,000.00 based on the value of the Property itself. To demonstrate that the value of the Property exceeds $75,000.00, Defendants state that: (1) the property value in the Subcom Litigation has a minimum increase of $60 million when factoring in Plaintiff's entitlement to the recovery of damages from defendants' encroachment and use of the property; (2) Plaintiff relied on an appraisal that values two of the parcels in the Subcom Litigation, including the specific parcel at issue here, at more than $12 million when developed; and (3) Plaintiff values the Property itself, along with the two other parcels at issue in the Subcom Litigation, at no less than $2 million.

Putting aside whether Defendants actually demonstrate that the value of the Property itself exceeds $75,000.00, Plaintiff counters that the value of the Property as a whole is not a proper way to determine the amount in controversy. Plaintiff relies on *Novastar Mortg., Inc. v. Bennett*, where the court remanded an action for ejectment to state court because defendants failed to meet their burden to demonstrate that the amount in controversy exceeded $75,000.00. 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), *aff'd*, 35 F. App'x 858 (11th Cir. 2002). The Court reasoned that "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land because, legally, the defendants have no claim to that property for purposes of this action. This is not an ownership dispute; it is a possession dispute." *Id.* at 1361.

Defendants attempt to distinguish *Novastar*, arguing that in contrast to *Novastar*, here, Defendants have pointed to evidence of the amount in controversy. The Court is unpersuaded by this argument. The holding in *Novastar* that the amount in controversy cannot be measured by the value of the underlying land applies even presupposing that Defendants have presented evidence

8

that would allow the Court to conclude that the value of the Property exceeds $75,000.00. Defendants have not occupied the Property as a whole and Defendants' Conduits and Cables do not prevent Plaintiff from the use of its Property in its entirety.[6] As such, it would be inappropriate to view the amount in controversy as the value of the Property as a whole. Accordingly, the Court finds that Defendants have failed to meet their burden of demonstrating that Plaintiff's claim meets the amount in controversy requirement.

Plaintiff requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). While the Court has found that it lacks subject matter jurisdiction, it does not follow that Defendants lacked an objectively reasonable basis for removal. *Glenn V. Quintana, D.C., P.A. v. Safeco Ins. Co. of Illinois*, No. 11-21531-CIV, 2011 WL 13223672, at *2 (S.D. Fla. Oct. 27, 2011); *cf. Golf Clubs Away, LLC v. Hostway Corp.*, No. 11-62326-CIV, 2012 WL 13005985, at *6 (S.D. Fla. Apr. 19, 2012) (finding removal "improvident and objectively unreasonable" and granting motion for attorneys' fees as "a necessary deterrent to unsupported, belated removals that work to prolong the litigation and impose unjustified costs on the opposing party"). Here, Defendants presented good faith arguments in favor of removal and in opposition to Plaintiff's Motion to Remand. Therefore, an award of attorneys' fees is not warranted and Plaintiff's request for attorneys' fees is denied.

---

[6] Defendants contend that the existence of the Conduits and Cables on even just a portion of the Property deprives Plaintiff of its intended use of the Property as a whole, and therefore its entire value is lost. ECF No. [36] at 11. Defendants cite to excerpts from NE 32nd Street LLC's owner, William Swaim's Trial Testimony in the Subcom Litigation, ECF No. [36-1]. Upon review, Mr. Swaim's testimony submitted by Defendants does not support the conclusion that the entire value of the Property is lost due to the existence of the Cables and Conduits on the Property.

Case No. 19-cv-80262-BLOOM/Reinhart

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand, **ECF No. [25]**, is **GRANTED in part and DENIED in part**. This matter is **REMANDED** to the Fifteenth Judicial Circuit for all further proceedings. Plaintiff's request for attorneys' fees is **DENIED**. All other pending motions are **DENIED AS MOOT**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 9, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record